JAMES M. LYNCH, ADMINISTRATOR, *vs.* MARY COOGAN
ET ALS.

Third Judicial District, Bridgeport, April Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A testator devised a house and lot to his son, provided he paid the executor $3,000 within six months and assumed one third of a mortgage thereon; otherwise the property became a part of the residue and went to the testator's widow. A sister paid the $3,000 on behalf of the brother, the executor agreeing to deposit it in a bank and return it to the sister with four per cent interest in case the devisee failed to get the property. Thereupon the son took and held possession of the premises, paying no rent, until they were sold by order of court to pay the debts of the estate, leaving nothing for him nor for the residuary legatee. The reasonable rental value of the property was $810 during this period. The executor deposited the $3,000 at four per cent, and afterward, without authority from the sister, used it to pay debts of the estate, effecting thereby a saving of more than $810. It was understood that the $3,000 was not to become a loan from the sister to her brother until the fund had been applied in carrying out the provision of the will, and he disclaimed all right to the money. In a suit to determine the rights of the parties to the $3,000 fund it was *held:*—

1. That whether the executor was legally authorized to make the agreement or not, or whether he was personally liable under it, he had

in fact used the money for the benefit and to the profit of the estate and was in equity bound to return it, together with the value of its use, to the sister; and that such value, which was measured by the trial court at the agreed rate of four per cent interest, was as generous treatment as the estate could well ask and gave it no just cause for complaint, notwithstanding the judgment might have included a small sum as interest which the estate might not have received and for which its liability might be legally doubtful.

2. That the question of the son's election to take the devise was immaterial upon the question of the return of this money by the executor.

3. That the claim of the residuary legatee to a set-off in her favor of the value of the use of the premises ($810) during the son's occupancy, was not relevant to the case in hand, since it clearly appeared that the $3,000 was paid, not by the son, but by his sister, and always remained her money, and that her agreement involved no question of payment for his use of the premises.

Argued April 15th—decided June 10th, 1915.

ACTION treated by the parties and the court as one of interpleader to determine the rights of the respective defendants in and to a sum of $3,000 in the hands of the plaintiff, brought to and tried by the Superior Court in New Haven County, *Gager, J.;* facts found and judgment rendered in favor of the defendant Annie A. O'Loughlin, from which the defendant Mary Coogan appealed. *No error.*

*William E. Thoms,* for the appellant (defendant Mary Coogan).

*Dennis W. Coleman* and *William Kennedy,* for the appellees (defendants James J. Coogan and Annie A. O'Loughlin).

WHEELER, J. The form of action is without precedent, but so unlikely to be again adopted by counsel that we shall not stop to point out its anomalous character. Evidently, when the case reached the trial court, the parties were desirous of securing a judgment

upon the facts before the court, and with the consent of the parties the trial court treated the case as one in the nature of interpleader. This course admits of a disposition of all questions involved in the litigation, while fully protecting the rights of all the parties to the litigation; and in order to end the cause we have concluded to treat the case as the trial judge did and consider the several grounds of appeal wherein are stated the claimed errors of the trial court.

An examination of the evidence satisfies us that no fact of material importance is found contrary to, or without, evidence, and therefore the motion to correct is denied.

The errors assigned in rulings on evidence are without merit.

Patrick Coogan devised to his son James a house and lot, provided he should pay to his executrix $3,000 within six months of the testator's decease, and assume one third of a mortgage thereon; and in the event of the failure of James so to do, he willed that the property should become a part of the residue. The residue he bequeathed and devised to his wife, Mary Coogan.

Within the period of six months the defendant, Mrs. O'Loughlin, paid over to the plaintiff, who had been appointed administrator c. t. a. of the estate of Patrick Coogan, in behalf of her brother James, $3,000, to secure to him this devise, upon the agreement of the administrator that he should receive the $3,000, deposit the same in a bank, and in case the devise should not fully pass to James, he would pay this sum, with four per cent interest, to Mrs. O'Loughlin. Thereupon the administrator delivered possession of the property to James, who at this time was a tenant of the premises, and he continued in possession, paying no rent therefor, from the date of delivery of possession by the administrator to the date of sale of the premises. The reason-

able rental value of these premises during this period was $810.

The administrator deposited the $3,000 in a bank at four per cent interest, and subsequently, without authority of Mrs. O'Loughlin, used a part or the whole of the $3,000 to pay the debts of the estate, saving to it a sum in excess of the rental value of these premises for the period of James' occupancy under possession from the administrator.

This property was later on sold by order of the Court of Probate to pay the debts of the estate, and in consequence James received no part of this devise. There is no residuum of the estate of Patrick.

Mrs. O'Loughlin received no consideration from the estate for the $3,000. James executed and delivered to her a mortgage and quitclaim deed of the premises, the purpose of which was to secure her for such sum in case the title to the premises ultimately vested in James, and this was not to become a loan to James until the fund should be applied in carrying out the provisions of the will, and the deeds were not to become operative until title to the premises in fact passed to James.

On the trial James disclaimed all right to this fund; Mary claimed it as a part of the residue; the administrator claimed it as part of the assets of the estate; Mrs. O'Loughlin claimed the fund consisting of $3,000 with interest at four per cent.

We see no occasion to consider whether the administrator was authorized in law to make the agreement he did. The fact is that he made it, and by it agreed to hold the sum of $3,000, paid to him by Mrs. O'Loughlin, and to repay it to her with interest at four per cent upon a certain contingency, which has come to pass. He received this sum as administrator, he has either used it for the benefit of the estate, together with a part of its increment, or he holds it in his hands as

administrator, with its increment, and he is bound to abide by the agreement.

Whatever sum the estate received as interest it is obviously bound to refund. What sum represents the difference between the interest actually received and that agreed to be paid, the finding does not state; and no specific claim was made that such portion in no event could be recovered. Clearly, the estate having used the fund should be compelled to pay the value of its use, especially in view of having profited largely by its use. To hold otherwise would be unconscionable. The value of this use measured by the rate of interest agreed upon is certainly as generous a disposition of its obligation in this regard as the estate could ask. In the condition of the finding and of the claims in this particular and the obvious justice of the judgment, we find ample justification in refusing to disturb the judgment because it may include a small sum, perhaps of inconsiderable amount, for interest, which the estate may not have received and for which its liability may be legally doubtful.

The claim that James Coogan elected to take the specific devise, and hence he and Mrs. O'Loughlin are bound by the results of his election, is immaterial to the consideration of whether this administrator should repay to Mrs. O'Loughlin the sum paid by her to him, and which sum he either expended for the benefit of the estate or it is now in his hands.

Mrs. Coogan claims the right to have set off against the recovery the value of the use of the premises during James' occupancy. This claim can only be relevant upon the theory that this payment was made by James and was his property. If such were the fact the off-set should be allowed. But the terms under which the fund was delivered to the administrator show that this is not the fact. The fund was paid by Mrs. O'Loughlin,

it always remained hers; it was to be repaid to her in case the title to the premises ultimately failed to rest in James. She did not occupy the premises, nor did James occupy for her. Whether James should pay the value of his use is not involved in this case; the question of payment of such use was no part of the agreement made with Mrs. O'Loughlin, and hence cannot be set off against her recovery under her agreement.

We confine our discussion to the issue involved, and do not consider the question of whether the administrator became personally liable under this agreement. That issue would require a determination of whether this agreement was one which the administrator could legally make, and the condition of the record relieves us from its present consideration.

There is no error.

In this opinion the other judges concurred.